**FORCHELLI DEEGAN TERRANA LLP**
By: Nathan R. Jones
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. (516) 248-1700
Fax (516) 750-6415
Email: njones@forchellilaw.com

*Attorneys for Defendants Sprout Mortgage Asset Trust*
*and Sprout Mortgage, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW WAVE LENDING GROUP, INC., | |
| Plaintiff, | Case No. 1:22-cv-06304-LLS |
| vs. | **ANSWER WITH** <br> **AFFIRMATIVE DEFENSES** |
| SPROUT MORTGAGE ASSET TRUST and <br> SPROUT MORTGAGE, LLC, | |
| Defendant. | |

Defendants Sprout Mortgage Asset Trust and Sprout Mortgage, LLC (together,

"Sprout"), by their attorneys, Forchelli Deegan Terrana LLP, as and for an Answer to the

Complaint filed by Plaintiff New Wave Lending Group, Inc. ("NWLG") on July 26, 2022 (the

"Complaint"), hereby allege as follows:

## NATURE OF THE ACTION

1.      Deny the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph 3 of the Complaint and respectfully refer to

any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

4. Deny the allegations contained in paragraph 4 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

5. Deny the allegations contained in paragraph 5 of the Complaint and respectfully refer any questions of law for the interpretation of this Court.

6. Deny the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

## THE PARTIES, JURISDICTION AND VENUE

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Complaint, except admits that Sprout Mortgage Asset Trust is a Delaware statutory trust which previously maintained a place of business at 90 Merrick Avenue, East Meadow, NY 11554.

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint, except admits that Sprout Mortgage, LLC is a Delaware limited liability company which previously maintained a place of business at 90 Merrick Avenue, East Meadow, NY 11554.

12. The allegations in paragraph 12 of the Complaint contain legal conclusions, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations contained therein and respectfully refers any questions of law for the interpretation of this Court.

13.     The allegations in paragraph 13 of the Complaint contain legal conclusions, but to the extent a response is required, deny the allegations contained therein and respectfully refer any documents referenced therein and any questions of law for the interpretation of this Court.

14.     The allegations in paragraph 14 of the Complaint contain legal conclusions, but to the extent a response is required, respectfully refer any documents referenced therein and any questions of law for the interpretation of this Court.

15.     The allegations in paragraph 15 of the Complaint contain legal conclusions, but to the extent a response is required, respectfully refer any documents referenced therein and any questions of law for the interpretation of this Court.

## FACTUAL BACKGROUND

16.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint, except admits that "Qualified Mortgage" loans, often referred to as "QM" loans, are mortgage loans that meet the standards set forth by the Consumer Protection Financial Bureau ("CFPB"), and that "Non-QM" loans are mortgage loans that do not meet the standards set forth by the CFPB.

17.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Complaint, except admit that Sprout and NWLG entered into a Flow Mortgage Loan Purchase and Sale Agreement ("FLMPA").

25.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Complaint and respectfully refer to the FMLPA for an accurate depiction of its contents and for this Court's interpretation.

26.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Complaint and respectfully refer to the FMLPA for an accurate depiction of its contents and for this Court's interpretation.

27.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 27 of the Complaint and respectfully refer to the FMLPA for an accurate depiction of its contents and for this Court's interpretation.

28.     Deny the allegations contained in paragraph 28 of the Complaint and respectfully refer to the FMLPA for an accurate depiction of its contents and for this Court's interpretation.

29.     Deny the allegations contained in paragraph 29 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

38.     The allegations in paragraph 38 of the Complaint are a quotation to a document, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 43 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 47 of the Complaint

48.     Deny the allegations contained in paragraph 48 of the Complaint.

## COUNT I – FRAUD

49.     With respect to paragraph 49 of the Complaint, repeat and reincorporate their responses to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Admit the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

## COUNT II – BREACH OF CONTRACT

56.     With respect to paragraph 56 of the Complaint, repeat and reincorporate their responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

## COUNT III – PROMISSORY ESTOPPEL

63.     With respect to paragraph 63 of the Complaint, repeat and reincorporate their responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 65 of the Complaint

66.     Deny the allegations contained in paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 67 of the Complaint

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

## COUNT IV – BREACH OF CONTRACT

70.     With respect to paragraph 70 of the Complaint, repeat and reincorporate their responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 71 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

72.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 74 of the Complaint and respectfully refer to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

75.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint contain legal conclusions, but to the extent a response is required, deny the allegations contained therein and respectfully refer any questions of law for the interpretation of this Court.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 78 of the Complaint

79.     Deny the allegations contained in paragraph 79 of the Complaint.

## COUNT V – UNJUST ENRICHMENT

80.     With respect to paragraph 80 of the Complaint, repeat and reincorporate their responses to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny the allegations contained in paragraph 82 of the Complaint.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.    Without assuming the burden of proof where it otherwise rests with Plaintiff,

pleads the following affirmative defenses to the claims alleged in the Complaint:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85.    Plaintiff fails, in whole or in part, to state claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86.    Plaintiff's claims fail to the extent that conditions precedent to closing, including

issuance of a purchase advice, were not met.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87.    Plaintiff's claims fail to the extent that they rest on non-contractual, ministerial

documents peripheral to the MLPA and not on terms of the MLPA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88.    Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

acquiescence, and/or ratification.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90.    Plaintiff's claims are barred because Plaintiff breached its obligations under the

MLPA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims and/or damages are barred, in whole or in part, by lack of

causation.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92.    Plaintiff's damages, if any, should be reduced because of its failure to mitigate.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims fail to the extent they do not allege fraud with particularity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94.     Defendant hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, discovery in this action and hereby reserves its right to amend this answer to assert such a defense.

WHEREFORE, Defendants Sprout Mortgage Asset Trust and Sprout Mortgage, LLC respectfully requests that the claims asserted against it in the Complaint be denied and that judgment on such claims be entered in favor of Sprout Mortgage Asset Trust, together with an award for costs and attorney's fees and any other relief the Court deems just.

Dated:     Uniondale, New York
                October 17, 2022

                                        Respectfully Submitted,

                                        FORCHELLI DEEGAN TERRANA LLP

                                        By:  /s/ Nathan R. Jones
                                                Nathan R. Jones
                                                333 Earle Ovington Blvd, Suite 1010
                                                Uniondale, New York 11553
                                                (516) 248-1700
                                                *Attorneys for Defendants*

To:

OFFIT KURMAN, P.A.
Daniel I. Goldberg
590 Madison Avenue, 6th Floor
New York, New York 10022
(347) 589-8542
*Attorneys for Plaintiff*